United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 5:09-CR-00747 EJD |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **VACATE, SET ASIDE, OR CORRECT** |
| v. | ) | **A SENTENCE BY A PERSON IN** |
| | ) | **FEDERAL CUSTODY PURSUANT** |
| ALFONSO MEJIA LOPEZ, | ) | **TO 28 U.S.C. § 2255** |
| | ) | |
| Defendant. | ) | |
| | ) | **[Re: Docket No. 126]** |
| | ) | |
| _____ | ) | |

Before the Court is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody filed by Petitioner Alfonso Mejia Lopez ("Petitioner"), pro se, pursuant to 28 U.S.C. § 2255. See Docket Item No. 126. Petitioner challenges his sentence on due process grounds as well as on the grounds that he did not receive effective assistance of counsel.

I.      **Background**

On July 10, 2009, Petitioner was charged, along with four other individuals—Antonio Mejia Lopez (Petitioner's brother), Luis Miguel Martinez-Valencia, Juan Carlos Oseguera-Lopez, and Javier Ortega—with the possession with intent to distribute methamphetamine. See Complaint, Docket Item No. 1. In connection with those charges, on July 22, 2009 a federal grand jury returned a two-count indictment against Petitioner and the four other codefendants: Count One was

1

1   for conspiracy to possess with intent to distribute methamphetamine, a violation of 21 U.S.C.

2   § 846; and Count Two was for possession with intent to distribute methamphetamine, a violation of

3   21 U.S.C. § 841(a)(1). Both charges carry a mandatory minimum sentence of ten years'

4   imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii).

5         On March 4, 2010, with the assistance of defense counsel Manuel U. Araujo ("Araujo"),

6   Petitioner executed a plea agreement pursuant to Federal Rule of Criminal Procedure 11. See Plea

7   Agreement for Alfonso Mejia-Lopez ("Plea Agreement"), Docket Item No. 49. In the Plea

8   Agreement, Petitioner asserted that he was guilty of conspiracy to possess with intent to distribute

9   1.8 kilograms of methamphetamine. Id. ¶¶ 1–2. In the Plea Agreement, the parties stipulated to a

10   sentence of 70 months' imprisonment. Id. ¶ 8. Defendant acknowledged that this sentence would

11   be below the recommended statutory sentencing term. Id. ¶ 7. Defendant also waived his right to

12   appeal his conviction and his sentence and the ability to collaterally attack his sentence, except for

13   a challenge based on his constitutional right to the effective assistance of counsel. Id. ¶¶ 4–5.

14   Petitioner also asserted that he had adequate time to discuss the case with Araujo, that Araujo

15   provided him with all requested legal advice, and that his entering into the plea agreement was

16   done so voluntarily. Id. ¶¶ 15–18.

17         On March 4, 2010 at the change-of-plea hearing before District Court Judge Jeremy Fogel,

18   Petitioner pled guilty to conspiracy to possess with intent to distribute methamphetamine, pursuant

19   to the Plea Agreement. See United States' Opp'n to Def.'s Mot. to Vacate, Set Aside, or Correct a

20   Sentence ("U.S.'s Opp'n") Ex. E, Transcript of Proceedings Before the Honorable Jeremy Fogel.

21   The court inquired as to whether Petitioner was voluntarily pleading guilty and understood the

22   consequences of his guilty plea in light of the Plea Agreement, to which Petitioner responded in the

23   affirmative. Id. At the close of the hearing the court accepted the guilty plea and found that

24   Petitioner had made a "knowing, intelligent and voluntary waiver of his constitutional rights and

25   there's an independent factual basis for each element of the offence." Id. at 13.

26         Petitioner was sentenced by Judge Fogel on May 20, 2010. See U.S.'s Opp'n Ex. H. The

27   government requested that the court sentence Petitioner to the term stipulated by the parties in the

28

Case No.: 5:09-CR-00747 EJD
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A
PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

United States District Court
For the Northern District of California

1  Plea Agreement: 70 months' imprisonment, 5 years' supervised released, and $100 special

2  assessment. The court entered its judgment and commitment order on June 8, 2010, sentencing

3  Petitioner to the agreed upon sentence. See Judgment, Docket Item No. 63.

4  Subsequent to Petitioner's sentencing, his codefendants pled guilty and were sentenced

5  according to their own plea agreements. On July 29, 2010, defendant Ortega pled guilty to Count

6  One of the indictment. See Docket Item No. 81. On August 12, 2010, defendant Antonio Mejia

7  Lopez also pled guilty to Count One. See Docket Item No. 85. On September 16, 2010, defendant

8  Martinez-Valencia pled guilty to a misdemeanor immigration offence in a superseding information,

9  and the felony drug charges against him were dismissed. See Docket Item Nos. 99–102. On

10  October 14, defendant Ortega was sentenced to 60 months' imprisonment. See Docket Item No.

11  109. On November 18, 2010, defendant Antonio Mejia Lopez was sentenced to 60 months'

12  imprisonment. See Docket Item No. 116.

13  On February 1, 2012, Petitioner filed the present Motion to Vacate, Set Aside, or Correct a

14  Sentence by a Person in Federal Custody (hereinafter "Pet'r's Mot.") pursuant to 28 U.S.C. § 2255.

15

16  **II.    Standard of Review for Motions Filed Pursuant to 28 U.S.C. § 2255**

17  A motion to set aside, correct or vacate a sentence of a person in federal custody pursuant to

18  28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that . . . there has been such a

19  denial or infringement of the constitutional rights of the prisoner as to render the judgment

20  vulnerable to collateral attack." Under § 2255, "a district court must grant a hearing to determine

21  the validity of a petition brought under that section, '[u]nless the motions and the files and records

22  of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock,

23  20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). A court need not hold an

24  evidentiary hearing where the prisoner's allegations, when viewed against the records, either do not

25  state a claim for relief or are so palpably incredible as to warrant summary dismissal. United States

26  v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996); Shah v. United States, 878 F.2d 1156, 1158 (9th

27  Cir. 1989), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th

28

3

Case No.: 5:09-CR-00747 EJD
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A
PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

United States District Court
For the Northern District of California

1  Cir. 1984), cert. denied, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion

2  are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993);

3  see also United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir. 2004). While a petitioner is not

4  required to allege facts in detail, he must make factual allegations. United States v. Hearst, 638 638

5  F.2d 1190, 1194 (9th Cir. 1980). Accordingly, an evidentiary hearing is required only if: (1) a

6  petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files,

7  and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard,

8  381 F.3d at 877.

9

10  **III.    Discussion**

11      Petitioner purports to offer four grounds to support his Motion that his sentence is unlawful.

12  See Pet'r's Mot. In the first, third, and fourth grounds, Petitioner alleges ineffective assistance of

13  counsel. Id. Petitioner's main support for this contention is that he received a sentence ten months

14  longer than codefendants Ortega and Antonio Mejia Lopez did. In the second ground, Petitioner

15  asserts a due process violation also because he was sentenced to ten months' imprisonment longer

16  than his codefendants were. Id.

17

18      **A.  Petitioner's Wavier of Rights**

19      A defendant may expressly waive the statutory right to bring a § 2255 motion challenging

20  the conviction or sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States

21  v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992), cert. denied, 508 U.S. 979 (1993). Two claims that

22  cannot be waived, however, are claims that the waiver itself was involuntary or that ineffective

23  assistance of counsel rendered the waiver involuntary. Washington v. Lampert, 422 F.3d 864, 871

24  (9th Cir. 2005), cert. denied, 547 U.S. 1074 (2006).

25      Based on the language of the Plea Agreement, Petitioner has waived his right to petition

26  under § 2255 on any basis other than ineffective assistance of counsel. Plea Agreement ¶¶ 4–5.

27

28

4

Case No.: 5:09-CR-00747 EJD
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A
PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

1    Accordingly, the Court will only consider Petitioner's claim that he was denied the effective

2    assistance of counsel in entering into the Plea Agreement and in pleading guilty.

3

4              **B.  Ineffective Assistance of Counsel**

5              A petitioner's claim of ineffective assistance of counsel is governed by the two-part test set

6    forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The <u>Strickland</u> test applies to claims

7    that a guilty plea was not knowing and voluntary. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58–59 (1985). To

8    prevail on such a claim, a petitioner must show that: (1) counsel's representation fell below the

9    range of competence demanded of attorneys in criminal cases; and (2) there is a reasonable

10   probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would

11   have insisted on going to trial. <u>Hill</u>, 474 U.S. at 58–59.

12             The Court finds that Petitioner fails to meet his burden under the standards set forth in

13   <u>Strickland</u>. First, Petitioner has not been able to sufficiently show that his counsel's representation

14   was below the range of competence. Petitioner was represented by Araujo, who communicated

15   thoroughly with Petitioner the details of the case and the Plea Agreement in Petitioner's native

16   language, Spanish. <u>See</u> U.S.'s Opp'n Ex. B, Decl. of Manuel U. Araujo ¶ 4. Defense counsel

17   Araujo was able to obtain a plea agreement which effected a 6-level reduction in Petitioner's base

18   offense level under the Sentencing Guidelines; this ultimately resulted in a sentence 50 months

19   shorter than the mandatory minimum sentence for the criminal violation with which Petitioner was

20   charged. Furthermore, the procedural timeline of Petitioner's sentencing and that of his

21   codefendants belies Petitioner's notion that counsel was ineffective because of the discrepancies

22   between Petitioner's sentence and that of his codefendants. Both codefendants Ortega and Antonio

23   Mejia Lopez entered into their own plea agreements, pled guilty, and were sentenced months after

24   Petitioner entered into his plea agreement. As such, counsel Araujo could not have known that

25   Ortega and Antonio Mejia Lopez would receive sentencing deals ten months shorter than the deal

26   Petitioner was offered. Concluding otherwise would only be examining defense counsel's decisions

27

28

Case No.: 5:09-CR-00747 EJD
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A
PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

with the "fabled twenty-twenty vision of hindsight," which the Ninth Circuit has refused to do in § 2255 cases. <u>Campbell v. Wood</u>, 18 F.3d 662, 673 (9th Cir. 1994).

Secondly, in the alternative, Petitioner has not met the <u>Strickland</u> burden because he is unable to show prejudice from Araujo's advice. Petitioner presents no evidence that but for Araujo's advice, the result would likely have been different and more favorable to Petitioner. <u>See</u> <u>Strickland</u>, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). There was no other plea agreement that was presented to Petitioner or Araujo. If he had gone to trial and been convicted, Petitioner would not have received a Sentencing Guidelines reduction and would most likely have been subject to the 10-year minimum sentence—a sentence more than four years longer than the 70-month sentence Petitioner actually received as a result of the Plea Agreement.

## IV.     Conclusion and Order

For the foregoing reasons Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 is DENIED WITH PREJUDICE. No certificate of appealability shall issue, as Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT and against Petitioner.

**IT IS SO ORDERED.**

Dated: November 29, 2012



EDWARD J. DAVILA
United States District Judge

United States District Court<br>For the Northern District of California

6

Case No.: 5:09-CR-00747 EJD
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A
PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255